UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NAJEY SALEH and AARON RODRIGUEZ,

                   Plaintiffs,

           -against-

THE CITY OF NEW YORK, P.O. NELSON CORDERO,
Shield No. 17241, Individually and in his Official
Capacity, and P.O.'s "JOHN DOE" #1-10, Individually
and in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

                   Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

-------------------------------------------------------------X

       Plaintiffs NAJEH SALEH and AARON RODRIGUEZ, by their attorneys, COHEN &

FITCH LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff NAJEY SALEH is an Arab-American male and has been at all relevant times a resident of the City and State of New York.

7.      Plaintiff AARON RODRIGUEZ is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

8.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10.     At all times hereinafter mentioned, the individually named defendants P.O. NELSON CORDERO, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14.    On or about January 5, 2012, at approximately 12:00 a.m., plaintiffs NAJEY SALEH and AARON RODRIGUEZ were lawfully present in the vicinity of 41st Avenue and 12th Street in Queens County in the State of New York.

15.    At the aforesaid time and place, plaintiff NAJEY SALEH was leaving a birthday party for his brother and plaintiff AARON RODRIGUEZ was coming home from work when they were suddenly accosted by defendant police officers.

16.    Soon thereafter, defendant police officers attacked plaintiff NAJEY SALEH in that they struck him in the face several times causing him to suffer a broken tooth, requiring surgery, and substantial injuries to his face and body.

17.    Despite the absence of evidence of criminal or unlawful activity, defendants arrested plaintiffs NAJEY SALEH and AARON RODRIGUEZ, handcuffing their arms tightly behind their back, and charged them with Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

18.     At no time on January 5, 2012 did plaintiff NAJEY SALEH obstruct governmental administration, resist arrest, or act unlawfully in any way.

19.     At no time on January 5, 2012 did plaintiff AARON RODRIGUEZ obstruct governmental administration, resist arrest, or act unlawfully in any way.

20.     At no time on January 5, 2012 did defendants possess information that would lead a reasonable officer to believe plaintiffs committed a crime or violation of law.

21.     At no time on January 5, 2012 did defendants possess probable cause to arrest plaintiffs.

22.     As a result of his unlawful arrest, plaintiff NAJEY SALEH spent approximately twenty-four (24) hours in police custody before the proceedings against him were adjourned in contemplation of dismissal at his arraignment on January 5, 2012.

23.     As a result of his unlawful arrest, plaintiff AARON RODRIGUEZ spent approximately twenty-four (24) hours in police custody before the proceedings against him were adjourned in contemplation of dismissal at his arraignment on January 5, 2012.

24.     As a result of his unlawful arrest, plaintiff AARON RODRIGUEZ missed one (1) day of work.

25.     As a result of the foregoing, plaintiff NAJEY SALEH sustained, *inter alia*, severe injuries including a broken tooth requiring surgery, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

26.     As a result of the foregoing, plaintiff AARON RODRIGUEZ sustained, *inter alia*, mental anguish, loss of income, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.    All of the aforementioned acts deprived plaintiffs NAJEY SALEH and AARON RODRIGUEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiff NAJEY SALEH.

38.    As a result of the foregoing, plaintiff NAJEY SALEH sustained, *inter alia*, severe bodily injuries including, but not limited to, a broken tooth requiring surgery.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

39.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    The defendants had an affirmative duty to intercede when plaintiff NAJEY SALEH's constitutional rights were being violated in defendants' presence by the use of excessive force.

41.    Defendants further violated plaintiff NAJEY SALEH's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

42.    As a result of the defendants' failure to intercede when plaintiff NAJEY SALEH's s constitutional rights were being violated in defendants' presence. plaintiff sustained. *inter alia*. physical and emotional injuries.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

43.    Plaintiffs repeat. reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.    Defendants. collectively and individually. while acting under color of state law. engaged in conduct that constituted a custom. usage. practice. procedure or rule of the respective municipality/authority. which is forbidden by the Constitution of the United States.

45.    The aforementioned customs. policies. usages. practices. procedures and rules of the City of New York and the New York City Police Department include. but are not limited to. the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

      ii.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

46.    The foregoing customs. policies. usages. practices. procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety. well-being and constitutional rights of plaintiffs.

47.    The foregoing customs. policies. usages. practices. procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

50.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs NAJEY SALEH's and AARON RODRIGUEZ's constitutional rights.

51.     The acts complained of deprived plaintiffs of their rights:

      A.     Not to be deprived of liberty without due process of law;

      B.     Not to have excessive force imposed upon them;

      C.     To be free from seizure and arrest not based upon probable cause;

      D.     To be free from unlawful search;

      E.     Not to have summary punishment imposed upon them; and

      F.     To receive equal protection under the law.

### PENDANT STATE CLAIMS

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     On or about January 17, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim on behalf of both plaintiffs setting forth all facts and information required under the General Municipal Law § 50 (e).

54.     Defendant THE CITY OF NEW YORK has not yet scheduled a hearing pursuant to General Municipal Law § 50-h for either plaintiff.

55.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

57.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

60.     As a result of defendants' conduct, plaintiff NAJEY SALEH has suffered physical pain, including a broken tooth requiring surgery, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

61.     As a result of defendants' conduct, plaintiff AARON RODRIGUEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

62.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendant police officers touched plaintiffs NAJEY SALEH and AARON RODRIGUEZ in a harmful and offensive manner.

64.     Defendant police officers did so without privilege or consent from plaintiffs.

65.     As a result of defendants' conduct, plaintiff NAJEY SALEH has suffered physical pain, including a broken tooth requiring surgery, and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

66.     As a result of defendants' conduct, plaintiff AARON RODRIGUEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendant police officers arrested plaintiffs NAJEY SALEH and AARON RODRIGUEZ in the absence of probable cause and without a warrant.

69.     As a result of the aforesaid conduct by defendants, plaintiffs NAJEY SALEH and AARON RODRIGUEZ were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. The aforesaid actions by the defendants constituted a deprivation of the plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    As a result of the foregoing, plaintiffs NAJEY SALEH and AARON RODRIGUEZ were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, they were humiliated and subjected to handcuffing, and other physical restraints.

72.    Plaintiffs were conscious of said confinement and did not consent to same.

73.    The confinement of plaintiffs was without probable cause and was not otherwise privileged.

74.    As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

78.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

79.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

80.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENCE

81.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     That the aforesaid injuries were substantially caused by reason of the negligence of the defendants, without any fault or negligence on the part of the plaintiff NAJEY SALEH contributing thereto.

83.     That defendants were negligent, careless and reckless in their arrest and detention of plaintiff NAJEY SALEH.

84.     That defendants were negligent, careless and reckless in their transportation of plaintiff NAJEY SALEH.

85.     That by reason of the foregoing, plaintiff NAJEY SALEH sustained severe and permanent personal injuries, including a broken tooth requiring surgery.

86.     Due substantially to the negligence of the defendants as set forth above, plaintiff NAJEY SALEH suffered physical and mental injury, emotional distress, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

87.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

89.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

90.    Due to the negligence of the defendants as set forth above, plaintiff NAJEY SALEH suffered physical and mental injury, including a broken tooth requiring surgery, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

91.    Due to the negligence of the defendants as set forth above, plaintiff AARON RODRIGUEZ suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

92.    As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 19, 2012

BY: _____
    JOSHUA FITCH
    COHEN & FITCH LLP

Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com