

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**ANTHONY M. DISENSO**
*Assistant Corporation Counsel*
E-mail: adisenso@law.nyc.gov
Phone: (212) 442-6618
Fax: (212) 788-9776

April 11, 2012

**BY ECF**
The Honorable Steven M. Gold
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Saleh, et al. v. City of New York, et al.,
                12 CV 00278 (ERK) (SMG)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, representing defendant City of New York ("City") in the above-referenced federal civil rights lawsuit. For the reasons set forth below, defendant City respectfully requests a stay of the present civil proceeding in its entirety pending the resolution of an Internal Affairs Bureau ("IAB") investigation, which relates to the claims in this case.[1] This is the first request for a stay of this litigation. Cohen & Fitch, LLP, counsel for plaintiff Rodriguez, does not consent to this request and have indicated that they view the problem as one internal to defendants and not one that would prevent the case from moving forward. Norman Steiner, Esq., counsel for plaintiff Saleh, also does not consent and has indicated that he does not see a reason why the IAB investigation would prevent a representation decision from being made.

---

[1] Additionally, defendant City notes that there appears to be an ongoing criminal case related to the incident giving rise to the claims in this action. Upon information and belief, plaintiff Rodriguez's criminal case is still pending. Plaintiff's counsel has indicated that plaintiff Rodriguez accepted an adjournment in contemplation of dismissal in his criminal case. Notwithstanding this fact, the criminal matter remains open at this time

By way of background, plaintiffs allege, *inter alia*, that they were subjected to excessive force and falsely arrested by members of the New York City Police Department ("NYPD") on or about January 5, 2012. By letter dated February 7, 2012, defendant City requested a 60-day enlargement of time, until April 13, 2012, for the defendants to answer the complaint. In that letter, defendant City explained that a representation decision had not been made regarding Police Officer Nelson Cordero and requested the Court, *sua sponte,* extend the time to answer on his behalf as well. By Order dated February 13, 2012, the Court granted defendants City and Officer Cordero an extension of time until April 13, 2012 to respond to the complaint. Since that time, however, this office has learned that there is a pending IAB investigation into the incident alleged in the complaint.

A stay is requested because, until the aforementioned IAB investigation is complete, this office will be unable to resolve representational issues related to Officer Cordero. See General Municipal Law § 50-k; Mercurio v. The City of New York, et al.*,* 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Moreover, the parties will likely require the documents associated with the IAB file, many of which will be protected from discovery by the deliberative process privilege prior to the conclusion of the CCRB investigation. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted).

Additionally, should the Court grant this stay, it would allow this office time to investigate the necessary records to adequately respond to the complaint. Thus far, this office's ability to respond to the complaint has been inhibited by plaintiff Saleh's failure to timely provide this office with an executed 160.50 and medical release due to confusion as to Mr. Steiner's current address. On or about March 15, 2012, this office forwarded to plaintiff Saleh's current counsel, Norman Steiner, Esq., for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. (Exhibit A) This office had previously forwarded a request for the same release to Cohen & Fitch, LLP, who subsequently indicated that they no longer represented plaintiff Saleh. The executed release is necessary to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff Saleh's underlying arrest. Additionally, on or about March 15, 2012, this office also forwarded to Mr. Steiner for execution a consent and authorization for medical records, limited at this time to medical records relevant to injuries alleged to have been sustained as a result of the underlying incident. (Exhibit B) These requests were mailed to the address Mr. Steiner has listed in the ECF Docket. (Exhibit C) After not receiving a response, this office called Mr. Steiner last week and was informed that the listed address on the docket sheet was incorrect. Two new requests have been sent by this office and Mr. Steiner has indicated that the executed releases are forthcoming. As of this date however, this office, at this time, still has not received the releases.

Courts in this District have compelled plaintiffs to provide the City with executed 160.50 and medical releases prior to the City answering a complaint. See Colon v. City of New York, et al., 11-CV-00173 (CBA) (MDG) (in endorsing the City's application for an Order compelling the production of 160.50 and medical releases, the Magistrate Judge Go stated that those releases "needs to be obtained by counsel for the City of New York before defendants can file an informed answer."); see also Foti v. City of New York, 09 Civ. 944 (GEL), 2009 U.S. Dist LEXIS 36533, at *2 (S.D.N.Y. Apr. 30, 2009) (Lynch, J.) ("The City is entitled to review its own documents to understand the facts and prepare an answer, and is prevented from doing so only by the sealing provisions of N.Y. C.P.L. § 160.50(1), which plaintiff has waived by filing this action."); Cabble v. Rollieson, No. 04 Civ. 4193 (LTS) (FM), 2006 U.S. Dist. LEXIS 7385, at *27-28 (S.D.N.Y. Feb. 24, 2006) (compelling plaintiff to produce N.Y. C.P.L. § 160.50 release because "the City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint.")

For the reasons set forth above, it is respectfully requested that the Court grant a stay of the instant litigation until the conclusion of the IAB investigation. Should the Court grant the requested stay, defense counsel is prepared to file a status letter at the convenience of the Court regarding the progress of the IAB investigation.

Thank you for your consideration in this regard.

Respectfully submitted,

s/
Anthony M. DiSenso
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY ECF**
Norman Steiner
Attorney at Law
233 Broadway, Suite 900
New York, NY 10279
*Attorney for Plaintiff Saleh*

Cohen & Fitch LLP
233 Broadway, Suite 1800
New York, NY 10279
*Attorney for Plaintiff Rodriguez*